clf\haggerty-patenaude\pleadings\complaint032708

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTORIA HAGGERTY<br>1003 Manor Road<br>Coatesville, PA 19320-1958,<br>　　　　　　　　　Plaintiff,<br><br>　　　　vs.<br><br><br>PATENAUDE & FELIX, A.P.C.<br>4545 Murphy Canyon Road<br>3rd Floor<br>San Diego, CA 92123<br><br>and<br><br>GREGG L. MORRIS<br>4545 Murphy Canyon Road<br>3rd Floor<br>San Diego, CA 92123<br>　　　　　　　　　Defendants. | CIVIL ACTION<br><br><br><br>NO. |

## COMPLAINT

**I.　INTRODUCTION**

1.　This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA").

2.　The FDCPA prohibits collectors from engaging in deceptive and unfair practices in the collection of consumer debt.

3.　Defendants are subject to strict liability for using collection tactics which violate the provisions of the FDCPA.

**II.　JURISDICTION**

4.　Jurisdiction arises under 15 U.S.C. § 1692k, actionable through 28 U.S.C. §§ 1331, 1337.

5. Both Defendants do business in the Eastern District of Pennsylvania.

### III. PARTIES

6. Plaintiff Victoria Haggerty is an adult individual residing in Coatesville, Pennsylvania at the address captioned.

7. Defendant Patenaude & Felix, A.P.C. is a law firm with a regular place of business in San Diego, California and Carnegie, Pennsylvania, and a mailing address as captioned.

8. Defendant Gregg Morris ("Morris") in an individual employed as an attorney, debt collector at Patenaude & Felix, A.P.C.

9. Defendants regularly engage in the collection of consumer debts using the mails and telephone.

10. Defendants regularly attempt to collect consumer debts alleged to be due another.

11. Each Defendant is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. § 1692a(6).

12. Patenaude & Felix, A.P.C. and Gregg Morris are collectively referred to as "Patenaude."

### IV. STATEMENT OF CLAIM

13. On or about March 30, 2007, Patenaude sent Plaintiff a communication in an attempt to collect a consumer debt alleged due. (See Exhibit "A" attached hereto and redacted for privacy per local rule).

14. The letter is purportedly from Gregg L. Morris, Esq. at Patenaude & Felix's San Diego, California location. The letter purports to be signed by Morris.

15. Gregg L. Morris is barred in Pennsylvania, not in California. Morris works in Patenaude & Felix's Carnegie, Pennsylvania location.

16. Upon information and belief, that is not the "signature" of Mr. Morris on the March 30, 2007, letter to Ms. Haggerty.

17. The collection letter was not prepared, reviewed, sent nor signed by Mr. Morris, as the letter indicates. The collection notice was prepared by Patenaude & Felix's collection department.

18. The letter deceptively conveys review and involvement by attorney Morris, when he had none.

19. The FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including the false representation that that a communication is from an attorney. 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10).

20. Section 1692e(9) prohibits the sending of any written communication to a consumer which "creates a false impression as to its source, authorization, or approval."

21. Defendants' letter falsely, deceptively or misleadingly represents that Gregg Morris, Esq., an attorney, had authored the letter.

22. In reality, Gregg Morris, Esq. was not involved in the collection of Ms. Haggerty's debt. Mr. Morris did not author, sign or personally direct the sending of Ms. Haggerty's letter.

## FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

24. Defendants violated the FDCPA by creating a "false impression as to its source, authorization, or approval" in violation of 15 U.S.C. § 1692e(9).

25. Defendants violated the FDCPA by making false, deceptive and misleading statements and representations in connection with the collection of this account in violation of 15 U.S.C. §§ 1692e and 1692e(10).

26. Defendants violated the FDCPA by falsely representing that a communication was from an attorney in violation of 15 U.S.C. § 1692e(3).

**WHEREFORE**, Plaintiff Victoria Haggerty demands judgment against Defendants for:

(a) Damages;

(b) Attorney's fees and costs; and

(c) Such other and further relief as the Court shall deem just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: March 27, 2008

*/s/ Cary L. Flitter(CLF5997)*
CARY L. FLITTER
K. TIMILY FRAZIER
Attorneys for Plaintiff

LUNDY, FLITTER,
BELDECOS & BERGER, P.C.
450 N. Narberth Avenue
Narberth, PA 19072
(610) 822-0782

# EXHIBIT "A"

LAW OFFICES OF

# PATENAUDE & FELIX, A.P.C.

A PROFESSIONAL LAW CORPORATION

[X] PLEASE REPLY TO OFFICE INDICATED

| [X] 4545 MURPHY CANYON RD, 3RD FL<br>SAN DIEGO, CALIFORNIA 92123<br>TEL (858) 244-7600  (800) 832-7675<br>FAX (858) 836-0318 | [ ] 213 EAST MAIN STREET<br>CARNEGIE, PENNSYLVANIA 15106<br>TEL (412) 429-7675  (866) 772-7675<br>FAX (412) 429-7679 | [ ] 1771 EAST FLAMINGO RD, STE. 112A<br>LAS VEGAS, NEVADA 89119<br>TEL (702) 952-2032 (800) 867-3092<br>FAX (702) 992-6286 |
|---|---|---|

03/30/07

VICTORIA HAGGERTY
1033 MANOR RD
COATESVILLE, PA 19320-1958

RE: TOYOTA MOTOR CREDIT CORPORATION
  Balance Due:   $2,832.04
  Account Number:
  Our File Number:   3100.39

Dear VICTORIA HAGGERTY:

Please be advised that the above-referenced debt has been assigned to this firm to initiate collection efforts regarding your delinquent outstanding balance to our client.

In the event that legal action is pursued and judgment is ultimately obtained against you, the judgment may include all court costs, prejudgment interest and attorney's fees in addition to the principal amount currently owed. If you wish to eliminate further collection action, please contact us at (858) 244-7600 or out of the 858 area code (800) 832-7675.

Unless you notify us within THIRTY (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within THIRTY (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within THIRTY (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

Very Truly Yours,

Gregg L. Morris, ESQ.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR